UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE NEWMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW SAUL, Commissioner of the Social Security Administration,[1]<br><br>Defendant. | Case No.: 19cv36-WQH (MSB)<br><br>**REPORT AND RECOMMENDATION TO DISMISS CASE PURSUANT TO FED. R. CIV. P. 4(m)** |

This Report and Recommendation is submitted to the Honorable William Q. Hayes, United States Magistrate Judge , pursuant to the provisions of 28 U.S.C. § 636. Over one and a half years since Plaintiffs George and Perlita Newman filed this case, and after several warnings from the Court, Plaintiffs have not properly served the defendant, Commissioner of the Social Security Administration. It is therefore **RECOMMENDED** that the Court dismiss this case pursuant to Federal Rule of Civil Procedure 4(m) for failure to effect service.

---

[1] Andrew Saul became the Commissioner of Social Security on June 17, 2019. Although Plaintiffs originally brought this action against Former Acting Commissioner Nancy Berryhill, this case may properly proceed against Andrew Saul pursuant to 42 U.S.C. § 405(g).

1

## I. BACKGROUND

Plaintiffs, proceeding pro se and in forma pauperis, filed their Complaint on January 7, 2019, against the Acting Commissioner of the Social Security Administration, claiming Defendant wrongfully withheld Plaintiffs' social security retirement benefits under the windfall elimination provision, and bringing causes of action for national origin discrimination, abuse of process, elder financial abuse, and fraud. (ECF No. 1 at 3, 20, 22, 23, 25.) The Court issued a Summons on January 10, 2019. (ECF No. 4.)

Plaintiffs filed a Request for Default Judgment on April 1, 2019, noting that they had completed service of the Summons and Complaint on Nancy Berryhill, at 6401 Security Boulevard, Baltimore, MD 21235 through Knox Services on January 22, 2019. (ECF No. 6 at 2, 5-6.) Judge Stormes, who was the magistrate judge assigned to the case at that time, denied Plaintiffs' request for entry of default because Plaintiffs had not shown sufficient service of Defendant pursuant to Federal Rule of Civil Procedure 4(i). (ECF No. 7 at 2-4.) Judge Stormes specifically stated that Plaintiffs had not demonstrated compliance with Rule 4(i)(1)(A) and (B), which requires parties suing to pursue individual claims for benefits under the Social Security Act to follow certain procedures to serve the United States Attorney. (Id. at 3.) Finding good cause, Judge Stormes extended the deadline for Plaintiffs "to serve Defendant in accordance with the requirements of Rule 4" to May 1, 2019. (Id.)

On April 30, 2019, the Court filed Plaintiffs' April 23, 2019 letter, including receipts showing that a package had been sent via certified mail to the United States Attorney General in Washington, D.C.; the United States Attorney for the District of Baltimore, Maryland; and Nancy Berryhill in Baltimore Maryland. (See ECF Nos. 8, 9.) This case was transferred to Judge Berg on September 13, 2019. (ECF No. 11.) Upon reviewing the file, Judge Berg found that Plaintiffs had still not adequately served the United States Attorney as required by Rule 4(i)(1)(A) per Rule 4(i)(2), and on September 23, 2019 issued an Order to Show Cause by October 14, 2019 why the case should not be dismissed for failure to properly serve Defendant. (ECF No. 12.)

Plaintiffs sent a letter to the Court, which the Court construed as a motion for default judgment and filed nunc pro tunc to December 10, 2019.  (See ECF Nos. 13, 14.)  This Court again noted that while Plaintiffs had properly served the defendant and the Attorney General of the United States, they had not yet effectively served the United States Attorney's Office as required by the Rule 4(i)(1)(A).  (ECF No. 15 at 4.)  The Court further explained, for example, that to comply with Rule 4(i)(1)(A)(i), Plaintiff needed to serve the United States Attorney's Office in the Southern District of California and provided the address therefore.  (Id. at 4-5.)  Noting that Plaintiffs appeared to have been confused about the service requirements, the Court gave Plaintiffs another opportunity to serve the defendant, with a deadline of April 24, 2020.  (Id. at 5.)

Plaintiffs have since submitted two ex parte letters to the Court, but have not submitted any further evidence that they have properly served the United States Attorney, as required by Rule 4(i)(2).

## II.     DISCUSSION

Federal Rule of Civil Procedure 4(i) sets out the requirements for service of the United States and its agencies, corporations, officers, and employees.  To properly serve the defendant, Plaintiffs must serve (1) the officer sued in an official capacity, Fed. R. Civ. P. 4(i)(2); (2) "the Attorney General of the United States at Washington, D.C.," Fed. R. Civ. P. 4(i)(1)(B) per 4(i)(2); and (3) either "the United States attorney for the district where the action is brought" or the civil process clerk at the United States Attorney's Office, Fed. R. Civ. P. 4(i)(1)(A) per 4(i)(2).  Here, Plaintiffs have not adequately served the United States Attorney's Office as required by Rule 4(i)(1)(A), either by serving the United States Attorney in the Southern District of California or the civil process clerk at the United States Attorney's Office.  Plaintiffs' service, purportedly to the United States Attorney in Maryland did not satisfy this requirement.  (See ECF No. 12 at 2 ("[T]hat address is not associated with the United States Attorney's Office in any district, and the District of Maryland is not the district where Plaintiffs brought the action, which is

where Plaintiffs are required to serve the United States Attorney's Office pursuant to Rule 4(i)(1)(A).").)

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specific time."  Where a plaintiff shows good cause, the court must extend time for a reasonable period.  Fed. R. Civ. P. 4(m).  Rule 4(i)(4) provides that a court "must allow a party a reasonable time to cure its failure to . . . serve a person required to be served under Rule 4(i)(2) [(applicable here)], if the party has served either the United States attorney or the Attorney General of the United States."  Here, Plaintiffs do appear to have served the Attorney General of the United States.  (See ECF Nos. 8, 9.)

The Court has three times given Plaintiffs further instruction regarding how to complete service, and time to do so.  Each time, the Court has instructed Plaintiffs that their service was inadequate and they had exceeded the service deadline.  In September of 2019, the Court warned Plaintiffs that this case could be dismissed if they did not show cause why they had not served the United States Attorney.  (See ECF No. 12 at 2.)  Despite having been given several opportunities to correct service, Plaintiffs have failed to submit a proof of service or any other suitable evidence that they have properly served the United States Attorney's Office.  Instead, Plaintiffs have twice moved for default judgment and persist in sending ex parte communications to the court, while disregarding the last deadline to serve the United States Attorney no later than April 24, 2020.

Unless Plaintiffs provide proof of service to the Court, demonstrating that they have properly served the United States Attorney's Office, within the period permitted for objections to this Report and Recommendation, this Court **RECOMMENDS** this case be **DISMISSED** for failure to serve the defendant.

///

# I. CONCLUSION

For the foregoing reasons, this Court **RECOMMENDS** the District Court **DISMISS** this case for failure to serve Defendant as required by the Federal Rules of Civil Procedure. By **July 24, 2020**, the parties must file any objections to this report. See 28 U.S.C. § 636(b)(1)(C). The party receiving any such objections has 14 days to file any response. See Fed. R. Civ. P. 72(b)(2).

**IT IS SO ORDERED.**

Dated: July 10, 2020

Honorable Michael S. Berg
United States Magistrate Judge